IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF CONNECTICUT



| | | |
|---|---|---|
| MARIA DEGENNARO, | : | CIVIL ACTION NO. 2003 OCT 31 A 10: 34 |
| | : | 3:03-CV-940-RNC |
| Plaintiff, | : | US DISTRICT COURT |
| | : | HARTFORD CT |
| VS. | : | |
| | : | |
| EXPANETS, INC. and | : | |
| EXPANETS OF NORTH AMERICA, LLC, | : | |
| | : | |
| Defendants. | : | October 31, 2003 |

**PARTIES' JOINT STATUS REPORT**

Pursuant to the Court's Order Regarding Case Management Plan dated August 8, 2003, Plaintiff, Maria DeGennaro, and Defendants, Expanets, Inc. and Expanets of North America, LLC, respectfully submit this Joint Status Report which addresses the matters listed in Rule 16(c) of the Federal Rules of Civil Procedure.

1.  **The Formulation and Simplification of Issues.**

The parties previously have agreed in their Report of Parties' Planning Meeting dated July 18, 2003 as to certain undisputed facts, including that, for purposes of this action only, Defendants should be treated as alter egos of each other, as an integrated enterprise and/or a joint or single employer and, accordingly, the parties agree that Defendants will be jointly and severally liable for the damages, if any, that Plaintiff recovers in this action. This stipulation simplifies certain of the issues that could have been raised in the case. The parties have commenced discovery and will work together to continue to formulate and simplify the issues to be litigated at any trial on the merits.

2. **Amendments to Pleadings.**

The parties do not believe that the amendment of any pleadings is necessary at this time. The parent of Expanets, Inc., NorthWestern Corporation, announced on September 15, 2003 that it would sell substantially all of the assets of Expanets, Inc. to Cerberus Capital Management, L.P., and TenX Capital Management, Inc. To date, this transaction has not been completed. It is possible that, following the completion of this transaction, Plaintiff will seek leave to amend the Complaint to add or substitute a defendant in this proceeding if Plaintiff determines that such action is appropriate under all of the circumstances. Plaintiff will pursue discovery regarding this matter and will act promptly to seek leave to amend the Complaint if necessary.

3. **Admissions of Fact, Stipulations Regarding Authenticity and Advance Rulings Regarding Admissibility.**

The parties anticipate that, following the completion of discovery on or before February 19, 2004, they may be able to stipulate as to certain additional facts, as well as to the authenticity of many documents to be offered as exhibits at trial, and that they will be in the position to present appropriate motions in limine to obtain advance rulings from the Court regarding the admissibility of documents or testimony that any party believes should be excluded from evidence at trial.

4. **Avoidance of Unnecessary Proof and Cumulative Evidence, as well as Limitations or Restrictions on Use of Expert Testimony.**

The parties will work together in preparation for any trial to avoid the presentation of unnecessary proof or cumulative evidence. The parties do not presently anticipate that it will be necessary to limit or restrict the use of any expert testimony at trial.

5.  **Summary Adjudication Under Fed.R.Civ.P. 56.**

The parties believe that the schedule for dispositive motions established in the Court's Order Regarding Case Management Plan continues to be appropriate in this case.

6.  **Control and Scheduling of Discovery.**

The parties believe that the schedule for discovery established in the Court's Order Regarding Case Management Plan continues to be appropriate in this case.

7.  **Identification of Witnesses and Documents, Trial Briefs, Conferences and Trial.**

The parties believe that the schedule for submission of a joint trial memorandum, identification of witnesses and exhibits, and submission of motions in limine established in the Court's Order Regarding Case Management Plan continues to be appropriate in this case. The parties suggest that any trial briefs be filed and served at the same time that the joint trial memorandum is filed.

8.  **Referral to a Magistrate Judge or Master.**

The parties do not believe that it is appropriate to refer any matters to a Magistrate Judge or Master at this time. The parties may request that a Magistrate Judge conduct a settlement conference in the future.

9.  **Settlement.**

The parties have discussed the possibility of settlement and, as of this time, have not been able to reach any agreement. The parties do not believe that any specialized settlement or alternative dispute resolution procedures would be helpful at this time.

### 10. **Pretrial Order.**

The parties believe that the form and substance of the Pretrial Order required by the Court's Order Regarding Case Management Plan continues to be appropriate in this case.

### 11. **Pending Motions.**

There are no pending motions in this case.

### 12. **Special Procedures.**

The parties do not believe that it is necessary or appropriate to adopt any special procedures at this time.

### 13. **Separate Trials or Bifurcation.**

The parties do not believe that it will be necessary to conduct any separate trials. The parties believe that it may be appropriate to bifurcate the issue of punitive or exemplary damages from the issues of liability and compensatory damages.

### 14. **Order(s) Under Rules 50(a) or 52(c) of the Federal Rules of Civil Procedure.**

The parties do not presently believe that any order is necessary under Rules 50(a) or 52(c) of the Federal Rules of Civil Procedure.

### 15. **Order(s) Establishing A Limitation on The Presentation of Evidence.**

The parties do not presently believe that any order is necessary establishing a time limitation with respect to the presentation of evidence.

### 16. **Other Matters.**

The parties do not believe that any additional action is required to facilitate the just, speedy and inexpensive disposition of this action.

     The parties and their undersigned counsel stand ready to provide any additional information that the Court may find helpful in managing this case or otherwise require.

PLAINTIFF

Dated: October 31, 2003

By: _____
James E. Miller
Federal Bar No. CT-21560
Shepherd, Finkelman, Miller, & Shah, LLC
One Lewis Street
Hartford, CT 06103
(860)246-0600

DEFENDANTS

Dated: October 31, 2003

By: _____
Christopher L. Brigham
Federal Bar No. CT-12410
Updike, Kelly & Spellacy, P.C.
265 Church Street, 10th Floor
New Haven, CT 06510
(203)786-8310