IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF CONNECTICUT

FILED

| | | |
|---|---|---|
| MARIA DEGENNARO, | : | CIVIL ACTION NO. |
| | : | 3:03-CV-940-RNC |
| Plaintiff, | : | |
| | : | |
| VS. | : | |
| | : | |
| EXPANETS, INC. and | : | |
| EXPANETS OF NORTH AMERICA, LLC, | : | |
| | : | |
| Defendants. | : | November 6, 2003 |

2003 NOV -6  P 3: 44

US DISTRICT COURT
HARTFORD CT

---

**MEMORANDUM OF LAW IN SUPPORT OF PLAINTIFF'S
MOTION TO COMPEL THE PRODUCTION
OF INFORMATION AND DOCUMENTS.**

---

Pursuant to Rule 37, Plaintiff, Maria DeGennaro, submits this Memorandum of Law in

support of her motion to compel Defendants, Expanets, Inc. and Expanets of North America,

LLC, to produce documents responsive to Plaintiff's Interrogatories and Request for Production

of Documents -- Set No. 1 ("Discovery Request"). As explained fully below, although

Defendants served written Objections and Responses to Plaintiff's Discovery Request on or

about October 6, 2003, a true and correct copy which are attached as Exhibit "A," Defendants

have failed and refused to produce any documents or information responsive to the Discovery

Request. In addition, as also explained below, Defendants have improperly attempted to limit the

scope of their responses to certain parts of the Discovery Request in an effort to deprive Plaintiff

of discovery to which she is entitled. For these reasons, the Court should require Defendants to

produce all information and documents requested by Plaintiff in the Discovery Request without

further delay.

**ORAL ARGUMENT REQUESTED**

## INTRODUCTION AND BACKGROUND FACTS[1]

This action arises under Title VII of the Civil Rights Act of 1964 ("Title VII"), as amended and codified at 42 U.S.C. §§ 2000e et seq., and the New York Human Rights Law ("NYHRL"), McKinney's Executive Law § 290, as a result of a continuing pattern and practice of discrimination and retaliation by Defendants, Expanets, Inc. and Expanets of North America, LLC (collectively, "Expanets"), which culminated in Plaintiff, Maria DeGennaro ("DeGennaro"), being unlawfully terminated from employment on November 30, 2001.

During the time that DeGennaro worked for Expanets, the geographic region (i.e., Expanets' Empire Atlantic Region) in which she worked was dominated and effectively controlled by one manager, John Finn ("Finn"), a Regional Vice President, who is exceptionally sexist and biased against female employees. Specifically, upon information and belief, at all pertinent times, Finn has believed and acted upon the belief that the job security and career advancement of men is more important than women because men generally do and should serve as the primary "breadwinners" in society.[2] In recognition of these sexist views, during his employment with Expanets and/or its predecessors in interest, Lucent Technologies, Inc. ("Lucent"), AT&T Corp. ("AT&T"), and New York Telephone Company ("NY Tel"), Finn

---

[1]Plaintiff's Introduction and Statement of Background Facts is based upon and arises from the facts plead in the Complaint.

[2]Upon information and belief, Finn has uttered sexist statements and has evinced sexist attitudes with respect to female employees of Expanets and its predecessors. In the Empire Atlantic Region, as a result of Finn's sexist views and biases and because Finn generally was uncomfortable interacting with female employees on an equal or collegial basis, a culture that permitted favoritism to men based upon their gender was fostered and, in effect, a "boys club" existed within the management of that geographic region. As a result of this sexist environment, male employees received preferential treatment with respect to employment opportunities, job security and the ability to earn income.

regularly took and attempted to take adverse employment actions against female employees of Expanets as a result of their gender. Finn is the Expanets employee who was ultimately responsible for the decision to terminate DeGennaro from employment.

DeGennaro is a conscientious, hard working individual who was employed by Expanets from on or about April 1, 2000 until November 30, 2001. Prior to April 1, 2000, DeGennaro was employed by a business unit of Lucent, which previously had been a division of AT&T. When Expanets acquired DeGennaro's business unit at Lucent effective April 1, 2000, DeGennaro became an employee of Expanets and continued to work as an Account Executive performing essentially the same responsibilities. As of April 1, 2000, the date that she commenced employment with Expanets, DeGennaro had almost fourteen (14) years of experience at Lucent and AT&T and had worked essentially her entire adult life for Expanets' predecessors (i.e., Lucent and AT&T).

At all pertinent times, DeGennaro was employed by Expanets as an Account Executive. During her employment with Expanets, as well as its predecessors in interest (Lucent, AT&T), DeGennaro generally met or exceeded both her employers' expectations, as well as the expectations of customers that she serviced as an Account Executive. Furthermore, even though DeGennaro serviced a comparatively difficult sales territory while employed by Expanets, DeGennaro continued to perform well under the circumstances and in comparison to her fellow Account Executives in the Empire Atlantic Region. During her employment with Expanets, DeGennaro also received considerably less compensation than other Account Executives because she was paid a lower base salary than less experienced male Account Executives and was treated in a manner less favorable than certain male employees with respect to sales leads and credit for sales to which she was entitled. In addition, in or about November, 2000, DeGennaro was

deprived of the opportunity to service a lucrative territory in Connecticut as a result of Expanets' sexist policies and practices.

During her employment with Expanets, as a result of the "boys club" created under the management of Finn, DeGennaro was the victim of continuous favoritism to certain male employees and, as a result, DeGennaro did not receive certain leads for new customers and other assistance in performing her duties. In addition, at the same time, DeGennaro effectively was held to a higher performance standard than other male employees because she was given a quota that was not justified given the geographic area and customer base that she was assigned. Although DeGennaro verbally complained to her supervisor regarding this favoritism and subsequently complained to Finn about the same favoritism to male employees, as well as regarding the unfair manner in which she was being compensated, Expanets failed and refused to take any corrective action. Upon information and belief, Finn and other male managers at Expanets resented DeGennaro's complaints regarding the sexism that permeated Expanets and the male dominated culture that Finn had created and maintained in the Empire Atlantic Region.

On November 30, 2001, DeGennaro was terminated without good or legitimate cause. Expanets failed and refused to offer DeGennaro any explanation as to why she had been terminated other than to state that she [meaning DeGennaro] had been "selected" for termination. Expanets also failed and refused to disclose or explain the basis for this decision. Although Expanets has claimed that DeGennaro was chosen for termination based upon objective criteria and, upon information and belief, no objective criteria were employed and, in fact, a decision was made well before any "objective" evaluation of DeGennaro's performance allegedly was performed that DeGennaro would be terminated in the future and, therefore, she should not receive certain leads for new accounts, as well as training and other assistance. Moreover, upon

-4-

information and belief, any purportedly "objective" evaluation of DeGennaro's performance was based upon biased and corrupted data and information which only reflected Expanets' prior acts and practices of discrimination. In addition, although Expanets has claimed that DeGennaro was terminated based upon objective criteria and a "score" derived from those criteria and the evaluation of her manager, upon information and belief, no objective criteria or score ever were utilized in pursuing the reduction in force on November 30, 2001 and, instead, the subjective, discriminatory judgment and bias of male managers at Expanets, including Finn, was the sole or determinative factor resulting in DeGennaro's termination.

Expanets elected to terminate DeGennaro as a result of sexist policies and practices and because Finn, as well as other Expanets' managers, resented DeGennaro's prior protests regarding sexist policies and practices in Expanets' workplace. Examination of the individuals who were retained by Expanets as Account Executives confirms the pretextual nature of Expanets' proffered reason for DeGennaro's discharge and that DeGennaro was the victim of unlawful discrimination/retaliation. Specifically, a number of the individuals retained by Expanets for employment as Account Executives were less qualified and experienced individuals who were male. In sum, on November 30, 2001, DeGennaro was terminated as a result of her gender (female) and in retaliation for her past protests against discrimination. As a victim of unlawful discrimination, DeGennaro has suffered grief, humiliation, embarrassment, emotional pain and suffering, personal and mental anguish, inconvenience, loss of enjoyment of life and diminution of her reputation and standing in her community, as well as severe and continuing economic harm and injury, including loss of wages and benefits. The termination of DeGennaro was intentionally and willfully taken in violation of the Title VII, as well as NYHRL, and was extreme and outrageous under all of the circumstances.

# ARGUMENT.

## A.    Legal Standard

The scope of discovery extends to "any matter not privileged, which is relevant to the subject matter in the pending action, whether it relates to the claim or defense of the party seeking discovery or to the claim or defense of any other party." Fed. R. Civ. P. 26(b)(1).  "The phrase 'relevant to the subject matter involved in the pending action' has been construed broadly to encompass any matter that bears on, or that reasonably could lead to other matter that could bear on, any issue that is or may be in the case.... The party receiving a request must not only produce information which is admissible as evidence, but also information which "appears reasonably calculated to lead to the discovery of admissible evidence.... 'Reasonably calculated' in Rule 26 means any possibility that the information sought may be relevant to the subject matter of the action." Hildebrand v. Wal-Mart Stores, Inc., 194 F.R.D. 432, 434 (D.Conn. 2000) (citations omitted, internal quotation marks omitted).

"Federal Rule of Civil Procedure 37 provides district courts with the authority to oversee the discovery process by issuing orders compelling discovery and sanctions against noncomplying parties. Rule  37(a)(2)(B) allows parties to compel discovery under Rules 30, 31, 33, and 34." Messier v. Southbury Training Sch., 1998 U.S. Dist. LEXIS 20315, at *8 (D.Conn. Dec. 2, 1998).  "The purposes of Rule 37 sanctions are to ensure that a party will not be able to profit from its own failure to comply, to secure compliance with a particular order and to deter the parties and others from failing to comply with discovery obligations." Cruz v. Meachum, 159 F.R.D. 366, 368 (D.Conn. 1994), quoting Cine Forty-Second St. Theatre Corp. v. Allied Artists Pictures Corp., 602 F.2d 1062, 1066 (2d Cir. 1979).

**B.      Plaintiff Is Entitled To All Of The Requested Documents And Information Without Further Delay.**

It is beyond cavil that Plaintiff is entitled to production of the requested documents and information, most of which Defendants have agreed to produce. To date, despite repeated requests, Defendants have failed to produce the documents and information which they agree should be produced and have not provided Plaintiff with a date when such production will occur. Under such circumstances, it is clear that Defendants should be compelled to produce all of the requested documents and information without further delay. See, e.g., Massaro v. Allingtown Fire District, 2003 WL 22305133 * 2 (D.Conn. April 25, 2003)(where the defendant "concedes its obligation to produce documents responsive to all other requests," Court ordered the defendant "to comply with all requests for production ... to the extent it has not done so already.")

**C.      Defendants Should Not Be Permitted To Limit Their Production of Information and Documents Pursuant To Certain Of Their Specific Objections.**

Defendants object to one Interrogatory contained in the Discovery Request with the boilerplate objection that the Interrogatory or Request for Production is "overly broad, unduly burdensome and seeks information that is not relevant nor is it reasonably calculated to lead to the discovery of admissible evidence at trial" but nevertheless indicate that they will provide responsive information. (See, e.g., Objection and Responses to Interrogatory No. 1.) Since Defendants still have not produced any information in response to this Interrogatory, and the information sought (i.e., the identity of individuals with knowledge regarding the claims and defenses in this case, as well as the substance of that knowledge) is clearly discoverable, Defendants should not be permitted to limit the scope of their response pursuant to this

Objection.

Similarly, Defendants' effort to limit Plaintiff's discovery of those individuals hired or transferred into the employment position that she held to a period of just one year after her termination (as opposed to the approximate two year period which has expired as of this date) (See Objections and Responses to Request for Production No. 7) and their effort to avoid producing documents reflecting the individuals currently employed in Plaintiff's prior employment position in the geographic area that she serviced, should not be permitted to stand since information regarding the individuals who replaced Plaintiff and remain in her employment position may constitute critical evidence in this case. See Schanzer v. United Technologies Corp., 120 F.Supp.2d 200, 211 (D.Conn. 2000)(reviewing evidence of new hires over a fifteen month period in a age discrimination case); National Association for the Advancement of Colored People v. Town of East Haven, 998 F.Supp. 176, 179 (D.Conn. 1998)(treating evidence of new hires over a five year period as relevant in a race discrimination action).

Finally, Defendants should not be permitted to resist production of annual reports, tax returns and similar financial documents (see Objections and Responses to Request for Production Nos. 15 and 16), since such financial records are necessary to plaintiff in order to establish a company's net worth with reasonable certainty -- which is necessary for the trier of fact to properly assess exemplary damages if appropriate. United States v. Dwoskin, 644 F.2d 418 (5th Cir. Fla. 1981).[3]

---

[3]Plaintiff is prepared to accept the other limitations interposed by Defendants in their Objections as part of her effort at reaching a compromise regarding these issues.

## CONCLUSION

For all of the reasons stated above, Plaintiff, Maria DeGennaro, requests that this Court compel Defendants to produce all of the requested documents and information without further delay.  Plaintiff respectfully suggests that Defendants should be required to produce all requested documents and information within ten (10) days of the Court's Order addressing this Motion.

## CERTIFICATION OF COUNSEL

Pursuant to Local Civil Rule 37(a)(2), the undersigned counsel hereby certifies and affirms that he has conferred with Counsel for Defendants, Christopher L. Brigham, Esquire, and attempted to resolve the issues raised by this Motion but, to date, the parties have not been able to reach agreement (a) as to when Defendants will produce the information and documents that they have agreed to produce, or (b) that Defendants will withdraw the Objections challenged in this Motion.

Respectfully submitted,

James E. Miller, Esquire
Federal Bar No. CT-21560
Shepherd Finkelman Miller & Shah, LLC
One Lewis Street
Hartford, CT 06103
(Tel) (860) 246-0600
(Fax) (860) 246-0700

James C. Shah
Shepherd Finkelman Miller & Shah, LLC
35 East State Street
Media, Pennsylvania 19063
(Tel)(610) 891-9880
(Fax)(610) 891-9883

Attorneys for Plaintiff

IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF CONNECTICUT

| | | |
|---|---|---|
| MARIA DEGENNARO, | : | CIVIL ACTION NO. |
| | : | 3:03-CV-940-RNC |
| Plaintiff, | : | |
| | : | |
| VS. | : | |
| | : | |
| EXPANETS, INC. and | : | |
| EXPANETS OF NORTH AMERICA, LLC, | : | |
| | : | |
| Defendants. | : | November 6, 2003 |

## <u>CERTIFICATE OF SERVICE</u>

The undersigned counsel hereby certifies that the foregoing Motion to Compel and the accompanying Memorandum of Law, as well as this Certificate of Service, were served on this date upon Counsel for Defendants via facsimile and first class mail, postage pre-paid, and addressed as follows:

Christopher L. Brigham, Esquire
Federal Bar No. CT-12410
Updike, Kelly & Spellacy, P.C.
265 Church Street, 10th Floor
New Haven, Connecticut 06510

_____
James E. Miller
Attorney for Plaintiff,
Maria DeGennaro

# EXHIBIT A

IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF CONNECTICUT

| | | |
|---|---|---|
| MARIA DEGENNARO, | ) | CIVIL ACTION |
| | ) | NO. 3:02-CV-940 (RNC) |
| Plaintiff, | ) | |
| | ) | |
| v. | ) | |
| | ) | |
| EXPANETS, INC. and | ) | |
| EXPANETS OF AMERICA, LLC, | ) | |
| | ) | |
| Defendants. | ) | OCTOBER 6, 2003 |

## DEFENDANTS' OBJECTIONS TO INTERROGATORIES AND REQUEST FOR PRODUCTION OF DOCUMENTS OF PLAINTIFF, MARIA DEGENNARO, ADDRESSED TO DEFENDANTS, EXPANETS, INC. AND EXPANETS OF NORTH AMERICA, LLC – SET NO. 1

Pursuant to provisions of Rules 33 and 34 of the Federal Rules of Civil Procedure, plaintiff, Maria DeGennaro ("DeGennaro"), propounds the following Interrogatories and Request for Production of Documents -- Set No. 1 upon defendants, Expanets, Inc. and Expanets of North America, LLC ("ENA"). The Interrogatories are to be answered separately, in writing and under oath within thirty (30) days from the date of service. Production of the requested documents shall be made on October 6, 2003 at 10:00 a.m., or a mutually convenient date, at the law offices of Shepherd, Finkelman, Miller & Shah, LLC, One Lewis Street, Hartford, Connecticut 06103.

305184

## **DEFINITIONS**

A.    For the purpose of these Interrogatories and Requests for Production of Documents, the following terms shall be deemed to have the following meanings:

1.    "Expanets" or "You" shall refer to defendant, Expanets, Inc. and Expanets of North America, LLC, individually and collectively, as well as any of their predecessors or successors, and their officers, directors, agents, employees, servants and representatives.

2.    "Plaintiff" or "DeGennaro" shall refer to the plaintiff, Maria DeGennaro.

4.    "Document" shall be interpreted in a manner consistent with the require-ments of Local Civil Rule 34 and, unless otherwise indicated, means all written, printed, typed, recorded (electronically or otherwise), graphic or photographic material of any kind or character and all photostatic, microfilmed or other non-duplicative copies now or at any time in your possession, custody or control in whatever form, including, among other things and without limitation, address and telephone records, adjusting and inner company eliminating entries, agreements, analyses, audits, audio tapes, bank checks, bank credit and debit memoranda, bank drafts, bank statements, books, books of account, brochures, budgets, bulletins, business records, calendars, cash journals, charts, computer data (including printouts and programs), computer disks, desk pads and desk calendars, diaries, depositions, electronic mail ("e-mail") messages, expense records, financial calculations, financial projections, financial statements and reports, galley proofs, general journals, general ledgers, graphs, inter-office communications, interviews, invoices, letters, lists, maps, memoranda, minutes, notes, note pads, notes and minutes of meet-ings, notes of conversations and conferences (whether by telephone or in person), notices,

303592                                           - 2 -

pamphlets, payroll records, periodicals, phonograph records, photos, press releases, page proofs, records, reports, results of investigations, schedules, scripts, screen plays, sound recordings, speeches, statements of account, studies, summaries, survey or studies, tape recordings, tele-grams, telephone billing records, telephone logs, telephone message slips or memos, teletype messages, transcripts, videotapes, video disks, vouchers, voucher registers, working papers, worksheets and other compilations reflecting the combination and consolidation of accounting data and other writings or parts thereof of every kind and description (whether or not actually used).

4.      "Communication" means the transmittal of information, including any oral or written utterance, notation or statement of any nature whatsoever, by and to whom ever made, including, but not limited to, correspondence, conversations, dialogues, discussions, interviews, consultations, agreements and other understandings between or among two or more persons.

5.      "Person" or "Persons" means any human being, firm, association, partnership, corporation, joint venture, government entity or other form of legal or business entity, public or private.

6.      "Representative" means any and all agents, employees, servants, officers, directors, associates or other persons acting or purporting to act on behalf of the person in question.

7.      As used herein, the terms "referring to," "relating to," "in connection with" and/or "incident to" in reference to a given subject matter means any information, docu-ment or communication which constitutes, contains, embodies, comprises, reflects, identifies,

states or refers to, deals with, comments on, responds to, describes, analyzes, or is in any way pertinent to the subject matter including, without limitation, any documents which mention said person or subject by name or any variant thereof.

C.    "Identify the source" shall mean to specify all documents and/or communications upon which you rely in support of any answer, contention or allegation, and to identify all individuals whom you know to have information with respect to the subject matter of such answer, contention or allegation.  Where a source is a public record, newspaper, trade journal or judicial administrative opinion, a quotation and page reference of the material relied upon should be supplied.

D.    To "state the basis" for an answer, allegation or contention means to "identify the source" <u>and</u> to set forth and explain the nature and application of all relevant facts and pertinent legal theories upon which you rely for your knowledge, information and belief that there is good ground to support such allegation or contention.

E.    Where an interrogatory asks that you "identify all communications," "all meetings," "all contacts" and/or "all conversations," you should state, with respect to each communication, meeting, conversation or contact, the following:

(1)    the date, time and place of each;

(2)    the person who initiated each;

(3)    the manner of each (e.g., in writing, in person, by telephone or other electronic means);

(4)    the name and present or last known employer, title, occupation, home and business addresses and telephone numbers of each person who participated in or heard any part of each;

(5)    the substance of what was said by each person who participated in or who witnessed each;

(6)    any and all witnesses or participants, and their addresses; and

(7)    the identity of the custodian of all documents referring, relating or incident to each.

F.    When an interrogatory asks that you identify "a person or representative" state:

(1)    the name of such person, if not given in the interrogatory;

(2)    the present or last known business and residence addresses, if any;

(3)    the present or last known business and residence telephone numbers, if any;

(4)    the person's occupation and title of position, if any;

(5)    the person's present or last known employer;

(6)    the capacity in which such person is presently employed;

(7)    the nature of such person's business; and

(8)    the relationship, if any, with any of the defendants, both at the present time or in the past.

G.    When an interrogatory asks that you "identify a document," identify each and every document and tangible object in your possession, custody or control which refers or relates in any manner to the matters covered or referred to in the Interrogatory by giving the following information as to each such document:

(1)    the general type (i.e., letter, memorandum, report, etc.);

303592

(2)    date;

(3)    author;

(4)    the manner and method of its preparation;

(5)    every addressee or recipient, if any;

(6)    general nature and substance of the subject matter;

(7)    present location of the original and each copy thereof known to you; and

(8)    the identity of all persons responsible for the custody, filing, safekeeping or other disposition thereof.

It shall be deemed a sufficient answer, where appropriate and possible to comply with the provisions of Rule 33(c), Fed.R.Civ.P., to refer to and furnish true and legible copies of such documents, together with the Answers to the Interrogatories. If you would like to follow this procedure, the documents produced should be identified as responsive to a specific Interrogatory. All the parts of the Interrogatory must be answered in full.

H.    These Interrogatories and Requests for Production are intended to cover all documents and information in the possession, custody or control of defendants and any of their agents or representatives, or to which any of them may have the right of possession, custody or control.

I.    If any form of privilege, whether based on statute or otherwise, is claimed as a ground for not responding to an Interrogatory, or producing any documents, or any part thereof, each and every fact upon which the privilege is based, including sufficient facts for the Court to make a full determination whether the claim of privilege is valid, shall be set forth in complete

303592                                         - 6 -

detail. With respect to a document to which a privilege is being claimed, the following information at the very minimum should be provided:

    (1)    date;

    (2)    author;

    (3)    names and addresses of any persons who receive copies, if any;

    (4)    title;

    (5)    type of tangible thing, letter, memorandum, telegram, report, etc.; and

    (6)    general description of the subject matter (without revealing privileged information).

J.    If any of the documents referred to in response to these Interrogatories or the following Requests for Production of Documents have been lost, destroyed, removed from your files or altered in any manner after the document was initially made, taken or prepared, provide the following information:

    (1)    a description of the document;

    (2)    the date of each such occurrence;

    (3)    a description of each such occurrence, including the nature of each alteration and the circumstances of the loss, destruction or removal;

    (4)    the reason for each such occurrence;

    (5)    the name, address and job title of the persons who took such action;

    (6)    the name, address and job title of the persons who authorized, directed or acknowledged the action at the time it was taken; and

(7)    whether there has been any attempt to produce, duplicate or find a copy of any lost, destroyed, or originally unaltered documents, and, if so, a description of the attempt and its result.

K.    Except as otherwise provided, these Interrogatories and Requests for Production of Documents shall be deemed to be continuing and any information or documents relating in any way to these Interrogatories and Requests for Production which you acquire, which become known to you up to and including the time of trial, shall be furnished by you to Plaintiff within a reasonable time after such information is acquired or becomes known.  Similarly, any information or documents provided in response to these Interrogatories and Requests for Production which is later found to be incomplete or incorrect, or to have become incomplete or incorrect because of changed circumstances, should be completed or corrected by means of supplemental responses.

L.    Where an Interrogatory asks for a date or an amount, or any other specific information, the Answer requires approximation of the information requested if you are unable to state the precise date, amount or other specific information.

M.    When, after reasonable and thorough investigation using due diligence, you are unable to answer any Interrogatory, or any part thereof, because of lack of information, specify in full and complete detail the reason that the information is not available and what has been done to obtain such information.  In addition, specify what knowledge or belief you have concerning the unanswered Interrogatory portion thereof and set forth the facts upon which knowledge or belief is based.

303592                                         - 8 -

N.    Where an Interrogatory does not specifically request a particular fact, but where such a fact or facts are necessary to make the Answer to the Interrogatory comprehensible, complete or not misleading, the Interrogatory shall be deemed to request such fact or facts, and include such fact or facts as part of your Answer.

O.    To the extent that any Interrogatory calls for information which can only be acquired from a former representative, you shall be relieved of providing such information. However, you should provide the name and address of each former representative and the reason why you do not have access to the information specified.

P.    The past tense of a verb includes the present and the present tense includes the past where the clear meaning is not distorted by the change of tense.

Q.    Words importing the masculine gender shall include the feminine gender and words importing the feminine gender shall include the masculine.

R.    Plural of any word includes the singular, and the singular includes the plural.


**RELEVANT TIME PERIOD**

Unless otherwise indicated, these documents request concern the time period from January 1, 1999 through the present ("Relevant Time Period").  All information and documents which refer to this period whether prepared or collected before, during or afterward are to be produced.

## INTERROGATORIES

1.      Identify each person who has knowledge or information regarding this lawsuit, including the claims asserted and any defenses to be raised and, for each such person, provide a statement summarizing that person's knowledge or information regarding this lawsuit and the relevance of such knowledge or information to the asserted claims or any defenses to be raised.

**OBJECTION:  The defendants object to this Interrogatory in that it is overly broad, unduly burdensome and seeks information that is not relevant nor is it reasonably calculated to lead to the discovery of admissible evidence at trial.**

**ANSWER:  Notwithstanding this objection the defendants will provide responsive information.**


2.      State whether any information or documents have been withheld on the basis of any form of privilege in response to these Interrogatories and Request for Production of Documents, whether based on statute or otherwise, and provide all information required by Paragraph I of the Definitions and Instruction section with respect to each such document or piece of information which has been withheld.

**ANSWER:  Not at this time, but the defendants reserve their right to withhold such documents when documents are produced.**

3.     State whether any information or documents responsive to these Interrogatories and Request for Production of Documents have been lost or destroyed and, if so, provide all information required by Paragraph J of the Definitions and Instructions section with respect to each such document or piece of information which has been lost or destroyed.

**ANSWER:  The defendants are unaware of any information or documents that have been lost or destroyed.**

## REQUEST FOR PRODUCTION OF DOCUMENTS

1.     All documents identified or referenced in any of the Interrogatories, or otherwise relied upon in responding to any of the foregoing Interrogatories.

**RESPONSE:  The defendants will provide responsive documents.**

2.     All affidavits, statements, reports, memoranda, testimony or other documents Expanets, or anyone acting on its behalf, have obtained relating or incident to this action or its subject matter or the employment and/or termination of DeGennaro.

**RESPONSE:  The defendants will provide responsive documents.**

3.    All documents, including all summary plan descriptions, describing or relating to benefits Expanets paid to or provided for DeGennaro during her employment with Expanets, including, but not limited to, health, disability and life insurance, pension or other retirement plans, profit sharing and/or stock option or purchase programs.

**RESPONSE:  The defendants will provide responsive documents.**

4.    All documents relating to Expanets' decision to hire DeGennaro.

**RESPONSE:  The defendants will provide responsive documents.**

5.    All documents describing the responsibilities, duties, necessary qualifications, bases for compensation or salary ranges of the following employment position at Expanets: Account Executive.

**OBJECTION:  The defendants object to this Request for Production in that it is overly broad, unduly burdensome and seeks information that is not relevant nor is it reasonably calculated to lead to the discovery of admissible evidence at trial.**

**RESPONSE:  Notwithstanding this objection, responsive documents related to the position of Account Executive for the Empire Atlantic Region will be produced.**

6.    All advertisements, internal postings or other documents relating to openings for Account Executives at Expanets during the Relevant Period.

**OBJECTION:  The defendants object to this Request for Production in that it is overly broad, unduly burdensome and seeks information that is not relevant nor is it reasonably calculated to lead to the discovery of admissible evidence at trial.**

**RESPONSE:  Notwithstanding this objection, responsive documents related to the position of Account Executive for the Empire Atlantic Region will be produced.**

7.    All documents relating to any individuals hired or transferred into the position of Account Executive within New York or Connecticut since DeGennaro was terminated from employment.

**OBJECTION:  The defendants object to this Request for Production in that it is overly broad, unduly burdensome and seeks information that is not relevant nor is it reasonably calculated to lead to the discovery of admissible evidence at trial.**

**RESPONSE:  Notwithstanding this objection, responsive documents related to the position of Account Executive for a one year period following her termination will be produced.**

8.      All documents reflecting the individuals currently employed by Expanets as Account Executive within New York or Connecticut.

**OBJECTION:  The defendants object to this Request for Production in that it is overly broad, unduly burdensome and seeks information that is not relevant nor is it reasonably calculated to lead to the discovery of admissible evidence at trial.**

9.      All documents that Expanets relied upon in reaching the decision to terminate DeGennaro, including all documents (a) ranking or comparing other employees to DeGennaro, (b) identifying the criteria upon which each such employee was ranked or evaluated, and/or (c) providing a ranking or score to each employee who was compared to DeGennaro.

**RESPONSE:  The defendants will provide responsive documents.**

10.     All personnel files, contracts, agreements, amendments, correspondence, memoranda, applications, disciplinary forms and documents which refer or relate to the employment, performance, discipline or termination, whether voluntary or involuntary, of the following individuals by Expanets:

        a.      Maria DeGennaro;

        b.      Anthony Alvez, Jr.;

        c.      Brian Christein;

        d.      Lori Connetti;

        e.      Colleen Horton;

f.      Terry Sullivan; and

g.      Any employee or former employee of Expanets identified in Request

No. 9.

**OBJECTION:  The defendants object to this Request for Production in that it is overly broad, unduly burdensome and seeks information that is not relevant nor is it reasonably calculated to lead to the discovery of admissible evidence at trial. In addition, the defendants object to this Request because it does not have a signed authorization to release this information and such production would violate Conn. Gen. Stat. 31-128(f).**

**RESPONSE:**

11.     All documents provided to DeGennaro or relied upon by Expanets with respect to DeGennaro's termination, including any scripts read during DeGennaro's termination/exit meeting on or about November, 2001.

**RESPONSE:  The defendants will provide responsive documents.**

12.     All documents purporting to state the reason for or describing or referencing DeGennaro's termination from employment with Expanets.

**RESPONSE:  The defendants will provide responsive documents.**

13.     All documents listing, identify or analyzing the employees of Expanets that were terminated in November, 2001 and during the Relevant Period, including all documents reflecting the age, gender, race and/or seniority of each employee involuntarily terminated by Expanets during the Relevant Period.

**OBJECTION:  The defendants object to this Request for Production to the extent that it asks for information reflecting the age, race and/or seniority of each employee involun- tarily terminated by Expanets during the Relevant Period and since it is overly broad, unduly burdensome and seeks information that is not relevant nor is it reasonably calculated to lead to the discovery of admissible evidence at trial.**

**RESPONSE:  Notwithstanding this objection, responsive documents reflecting the gender of Account Executives involuntarily terminated in the Empire Atlantic Region during the Relevant Period will be produced.**

14.     All documents reflecting or referring to the age, gender, race and/or seniority of Expanets' workforce during the Relevant Period, as well as the age, gender, race and/or seniority of Expanets' employees terminated during the Relevant Period and whether such termination was voluntary or involuntary.

**OBJECTION:  The defendants object to this Request for Production to the extent that it asks for information reflecting the age, race and/or seniority of each employee involun- tarily terminated by Expanets during the Relevant Period and since it is overly broad,**

unduly burdensome and seeks information that is not relevant nor is it reasonably

calculated to lead to the discovery of admissible evidence at trial.

**RESPONSE:** Notwithstanding this objection, responsive documents reflecting the gender

of Account Executives involuntarily terminated in the Empire Atlantic Region during the

Relevant Period will be produced.

15.    The annual reports of Expanets for the years 1999 to present.

**OBJECTION:** The defendants object to this Request for Production in that it is overly

broad, unduly burdensome and seeks information that is not relevant nor is it reasonably

calculated to lead to the discovery of admissible evidence at trial.

**RESPONSE:** Notwithstanding this objection, responsive documents will be produced if the

Request is more narrowly tailored.

16.    All documents stating, reflecting or analyzing the financial and business

performance of Expanets since January 1, 1996, including all federal, state and local tax returns

and any loan or financing applications.

**OBJECTION:** The defendants object to this Request for Production in that it is overly

broad, unduly burdensome and seeks information that is not relevant nor is it reasonably

calculated to lead to the discovery of admissible evidence at trial.

**RESPONSE:** Notwithstanding this objection, responsive documents will be produced if the

Request is more narrowly tailored.

17.    All documents and communications which refer or relate to any employment policies or practices of Expanets.

**OBJECTION:  The defendants object to this Request for Production in that it is overly broad, unduly burdensome and seeks information that is not relevant nor is it reasonably calculated to lead to the discovery of admissible evidence at trial.**

**RESPONSE:  Notwithstanding objection, Expanets will produce policies and procedures pertaining to its non-discrimination policies based on gender and against retaliation.**

18.    All documents that refer or relate to the manner in which Expanets determines the quotas of Account Executives, calculates the commissions due to an Account Executive and/or determines if an Account Executive should be credited for a sale in calculating commissions or quota attainment.

**OBJECTION:  The defendants object to this Request for Production in that it is overly broad, unduly burdensome and seeks information that is not relevant nor is it reasonably calculated to lead to the discovery of admissible evidence at trial.**

**RESPONSE:  Notwithstanding this objection, responsive documents reflecting the gender of Account Executives involuntarily terminated in the Empire Atlantic Region during the Relevant Period will be produced.**

19.     All documents relating or incident to DeGennaro's charge of discrimination filed with the Equal Employment Opportunity Commission, Connecticut Commission on Human Rights and Opportunities or any other fair employment practice agency, whether federal, state or local, and DeGennaro's application for and receipt of unemployment compensation, including any correspondence or other documents submitted to Expanets to any of these governmental agencies or bureaus.

**RESPONSE:  The defendants will provide responsive documents.**

20.     All documents relating or incident to any lawsuit or administrative proceeding since January 1, 1999, in which Expanets was a defendant or otherwise a party where any claim, whether formal or informal, was filed claiming that Expanets had committed unlawful discrimination in employment, including, but not limited to, unlawful sex, gender or age discrimination and/or retaliation.

**OBJECTION:  The defendants object to this Request for Production in that it is overly broad, unduly burdensome and seeks information that is not relevant nor is it reasonably calculated to lead to the discovery of admissible evidence at trial.**

21.    All documents which refer or relate to DeGennaro's employment history with Expanets and/or its predecessors in interest, including the various positions she held with each company, the dates and time period for which she held each such position, the reasons for the changes in her employment positions, the basis for her compensation and her compensation in each such position.

**RESPONSE:  Responsive documents will be produced, upon receipt of signed authorization from Maria DeGennaro.**

22.    All documents regarding any policy of insurance which may satisfy all or part of any judgment entered in this case against you.

**RESPONSE:  Responsive documents, if any, will be produced.**

DEFENDANTS,
EXPANETS, INC. and
EXPANETS OF AMERICA, LLC,

BY: _____
CHRISTOPHER J. BRIGHAM, ESQ.
Federal Bar Number ct12410
Updike, Kelly & Spellacy, P.C.
265 Church Street, 10th Floor
New Haven, Connecticut 06510
Telephone:  (203) 786-8300
Facsimile:  (203) 772-2037

303592                          - 20 -

## CERTIFICATION

THIS IS TO CERTIFY that a copy of the foregoing was mailed, first class, postage prepaid, this 6 day of October, 2003, to all pro se parties and counsel of record as follows:

James E. Miller, Esq.
Shepherd Finkelman Miller & Shah, LLC
One Lewis Street
Hartford, CT  06103

By: _____

CHRISTOPHER L. BRIGHAM, ESQ.
Commissioner of the United States District Court

305184