IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF CONNECTICUT

| | | |
|---|---|---|
| MARIA DEGENNARO, | : | CIVIL ACTION NO. |
| | : | 3:03-CV-940-RNC |
| Plaintiff, | : | |
| | : | |
| vs. | : | |
| | : | |
| EXPANETS, INC. n/k/a NETEXIT, INC., et al., | : | |
| | : | |
| Defendants. | : | January 30, 2004 |

_____

**PLAINTIFF'S MEMORANDUM OF LAW IN SUPPORT OF
UNOPPOSED MOTION TO AMEND THE COMPLAINT.**

_____

Pursuant to Rules 15 and 20 of the Federal Rules of Civil Procedure, Plaintiff, Maria

DeGennaro, respectfully submits this Memorandum of Law in support of her Motion to Amend

the Complaint to join Netexit, Inc., Netexit of North America, LLC and Avaya, LLC as

additional defendants in this proceeding.  For the reasons explained fully below, Plaintiff

respectfully submits that her Motion should be granted and that Plaintiff should be permitted to

file and serve an Amended Complaint in the form attached as Exhibit "A" to this Memorandum.

Although Defendants do not join in Plaintiff's Motion, they do not oppose it.[1]

**INTRODUCTION AND BACKGROUND FACTS**

This action arises under Title VII of the Civil Rights Act of 1964 ("Title VII"), as

_____

[1] Defendants, Expanets, Inc. n/k/a Netexit, Inc. and Expanets of North America, LLC n/k/a Netexit of North America, LLC, do not oppose Plaintiff being given leave to file an amended complaint.  By not opposing such amendment, however, Defendants do not waive any objections or defenses they may have to the allegations in the amended complaint and do not stipulate or agree to the factual or legal representations made by Plaintiff in this Memorandum.

**ORAL ARGUMENT NOT REQUESTED**

amended and codified at 42 U.S.C. §§ 2000e et seq., and the New York Human Rights Law

("NYHRL"), McKinney's Executive Law § 290, as a result of an alleged continuing pattern and

practice of discrimination and retaliation by Defendants, Expanets, Inc. n/k/a Netexit, Inc. and

Expanets of North America, LLC n/k/a Netexit of North America, LLC (collectively,

"Expanets"), which culminated in Plaintiff, Maria DeGennaro ("DeGennaro"), being unlawfully

terminated from employment on November 30, 2001.

As the parties reported on October 31, 2003 in their joint status report, on or about

September 15, 2003, the parent of Defendants, NorthWestern Corporation, announced on

September 15, 2003 that it would sell substantially all of Defendants' assets to Cerberus Capital

Management, L.P., and TenX Capital Management, Inc.  As of the date of the parties' October

31, 2003 Joint Status Report, this transaction had not been completed and, as a result, the parties

advised the Court that it might prove necessary for Plaintiff to seek leave to amend the

Complaint to add or substitute a defendant in this proceeding if Plaintiff determined that such

action was appropriate under all of the circumstances.

The contemplated transaction with Cerberus Capital Management, L.P., and TenX

Capital Management, Inc. was not consummated.   As publicly reported, Avaya, Inc.

subsequently entered into a transaction pursuant to which it obtained substantially all of

Defendants' assets.  See Avaya Buys Networking VAR Expanets (Communications

Convergence)(January 1, 2004), a true and correct copy of which is attached as Exhibit "B."[2]

Upon information and belief, as part of this transaction, Avaya, Inc. created Avaya, LLC as an

---

[2]Counsel for Defendants advises that the sale of Defendants' assets to Avaya, Inc. occurred on November 25, 2003, at which time Netexit, Inc. and Netexit of North America, LLC were created.  Counsel for Defendants also advises that there is now no entity known as Expanets, Inc. or Expanets of North America, LLC.

operating subsidiary that employs Expanets' former employees and services Expanets'

customers.  In recognition of this fact, the following information currently is reported at

www.expanets.com:

> Expanets is now Avaya LLC, a wholly-owned subsidiary of Avaya
> Inc. While our name has changed, our commitment to helping our
> clients address their business challenges with technology solutions
> has not. Avaya LLC continues to provide a wide range of industry
> leading Voice, Data and IP services and solutions to businesses
> across the U.S. For more information on industry-leading Avaya
> solutions, please visit avaya.com.
>
> Please note: When visiting expanets.com after February 1, 2004,
> you will be automatically redirected to avaya.com. Take a moment
> now to add avaya.com to your favorites for quick access to
> information on Avaya Solutions and Services.  See
> www.expanets.com/site, a true and correct copy of which Internet
> Home Page is attached as Exhibit "C."[3]

In addition, based upon information provided by Defendants' counsel, Plaintiff has been

informed and understands that two separate corporations named Netexit, Inc. and Netexit of

North America, LLC have been created to wind-up the affairs and disburse certain of the

proceeds of the sale of Expanets' assets to Avaya, Inc. and that these entities maintain their

principal place of business at 9780 Mt. Pyramid Court, Suite 400, Englewood, CO 80112 (the

location of Expanets' principal place of business).[4]  As such, Netexit, Inc. and Netexit of North

---

[3]Upon information and belief, Avaya, LLC continued Expanets' business
operations, hired the same individuals as employed by Expanets prior to the
acquisition and uses substantially the same means and job classifications to
accomplish its business object.

[4]Plaintiff also is informed and understands that, in connection with the sale of
Expanets' assets, Avaya, LLC was provided with notice of the existence of
Plaintiff's claims and Expanets and Netexit. have asserted that they lack sufficient
assets to provide full relief to Plaintiff should she prove successful in prosecuting
her claims.

America, LLC (individually and collectively, "Netexit") operate and function as the alter egos and successors to Expanets.  Under such circumstances, and for the reasons explained below, Plaintiff respectfully suggests that she should be permitted to amend her Complaint to join Avaya, LLC, Netexit, Inc. and Netexit of North America, LLC as additional defendants in this proceeding.[5]

## ARGUMENT.

It is well established that the decision to grant or deny a motion for leave to amend a complaint rests within the trial court's discretion. See Foman v. Davis, 371 U.S. 178, 83 S.Ct. 227, 9 L.Ed.2d 922 (1962).  Pursuant to Federal Rule of Civil Procedure 15(a), the general rule is that "leave shall be freely given when justice so requires."  Thus, Rule 15(a) clearly embodies a liberal approach to amendment.  Moreover, as the Court explained in Abdel-Khalek v. Ernst & Young, LLP, 1999 WL 190790 * 7 (S.D.N.Y. April 7, 1999), a company, such as Avaya, LLC, acquiring the assets of a predecessor company, such as Expanets, may be held liable for violations of Title VII of the Civil Rights Act of 1964 where, as here, a balancing of the following factors demonstrates that the acquiring company should be treated as the successor in interest:

> "(1) whether the successor company had notice of the charge, (2) the ability of the predecessor to provide relief, (3) whether there has been a substantial continuity of business operations, (4) whether the employer uses the same plant, (5) whether he uses the same or substantially the same work force, (6) whether he uses the same or substantially the same supervisory personnel, (7) whether the same jobs exist under substantially the same working conditions, (8) whether he uses the same machinery, equipment

---

[5]In connection with the filing of this Motion, the parties also are jointly requesting a brief extension of the discovery for a period of ninety (90) days until May 19, 2004 and a concomitant extension of the other pretrial deadlines.

and methods of production, and (9) whether he produces the same product." Fennell v. TLB Plastics Corp., 1989 WL 88717 * 2 (S.D.N.Y. July 28, 1999).

In this case, as explained above, it is apparent that virtually all of the factors are met so that Avaya, LLC equitably may be treated as the successor of Expanets for purposes of this action.[6] See also Long v. AT&T Information Systems, Inc., 733 F.Supp. 188, 208 (S.D.N.Y. 1990)("[t]he purchasing corporation may also be liable under the doctrine of successorship liability" which "has been described as 'an extra-contractual remedial tool for imposing certain labor obligations on a new employer that has taken over the operations of an old employer'" and "has specifically been held applicable to Title VII cases"); In re Ice Cream Liquidation, Inc., 281 B.R. 154, 157, n.4 (D.Conn. July 31, 2002)(recognizing that successorship liability is applicable to Title VII claims).

## CONCLUSION

For all of the reasons stated above, Plaintiff, Maria DeGennaro, requests that the Court grant her leave to amend her Complaint to join Avaya, LLC, Netexit, Inc. and Netexit of North America, LLC as additional defendants in this case.

Respectfully submitted,

_____
James E. Miller, Esquire
Federal Bar No. CT-21560
Shepherd Finkelman Miller & Shah, LLC
One Lewis Street
Hartford, CT 06103
(Tel) (860) 246-0600

---

[6]Since NetExit has received the proceeds of the sale of Expanets' assets and, upon information and belief, retains liability for this action under the asset purchase agreement with Avaya, LLC and/or Avaya, Inc., there can be no question that NetExit also should be joined as a defendant.

(Fax) (860) 246-0700

James C. Shah
Shepherd Finkelman Miller & Shah, LLC
35 East State Street
Media, Pennsylvania 19063
(Tel)(610) 891-9880
(Fax)(610) 891-9883

**ORAL ARGUMENT NOT REQUESTED**    -6-