FILED
2004 APR -5 A 11:10
U.S. DISTRICT COURT
HARTFORD, CT.

UNITED STATES DISTRICT COURT
DISTRICT OF CONNECTICUT

| | | |
|---|---|---|
| MARIA DEGENNARO, | ) | CIVIL ACTION |
| Plaintiffs, | ) | NO. 3:03CV940 (RNC) |
| v. | ) | |
| NETEXIT, INC. f/k/a EXPANETS, INC., NETEXIT OF NORTH AMERICA, LLC f/k/a EXPANETS OF NORTH AMERICA, LLC and AVAYA, LLC, | ) | |
| Defendants. | ) | APRIL 2, 2004 |

**ANSWER TO AMENDED COMPLAINT**

Defendants, Netexit, Inc. f/k/a Expanets, Inc. and Netexit of North America, LLC f/k/a Expanets of North America, LLC, hereinafter "Defendants", by and through their attorneys, Updike, Kelly & Spellacy, P.C. respond to the allegations of the Amended Complaint as follows:

1. Defendants admit that plaintiff purports to bring this action pursuant to Title VII of the Civil Rights Act of 1964 ("Title VII) and the New York Human Rights Law ("NYHRL"), but deny the remaining allegations contained in paragraph one of the Amended Complaint.

2. Defendants admit that plaintiff purports to bring this action pursuant to 28 U.S.C.§§ 1331, 1337, 1343 and 1367 and 42 U.S.C.§ 2000e-5(f) but deny the remaining allegations contained in paragraph two of the Amended Complaint.

3. Defendants admit that plaintiff purports to bring this action pursuant to U.S.C.§ 1391, but deny the remaining allegations contained in paragraph three of the Amended Complaint.

**Parties**

4. Defendants admit that Ms. Maria DeGennero is a woman who completed employment forms in which she indicated that she is a citizen of the United States of America and the State of New York, that her birth date is June 17, 1964 and that she resides at 44 North Broadway, White Plains, New York 10603. Defendants deny the remaining allegations contained in paragraph four of the Amended Complaint.

5. Defendants admit that defendant Netexit, Inc. f/k/a Expanets, Inc. was previously engaged in the business of, inter alia, marketing, selling and servicing telecommunications systems, that it has employed more than fifteen persons during all relevant times and that it is a Delaware corporation that has had an office in Plainville, Connecticut. Defendants deny the remaining allegations contained in paragraph five of the Amended Complaint.

6. Defendants admit that defendant Netexit of North America, LLC f/k/a Expanets of North America, LLC was previously engaged in the business of, inter alia, marketing, selling and servicing telecommunications systems, that it has employed more than fifteen persons during all relevant times and that it is a Delaware corporation that has had an office in Plainville, Connecticut. Defendants deny the remaining allegations contained in paragraph six of the Amended Complaint.

7. Defendants do not plead to paragraph seven as it is not directed at these defendants. Moreover, because it requires a legal conclusion, these defendants have insufficient knowledge upon which to form an opinion or belief and, therefore, leave the plaintiff to her proof.

8. Defendants admit that both Expanets, Inc. and Expanets of North America, LLC employed more than fifteen persons during all relevant times. Defendants deny the remaining allegations contained in paragraph eight of the Amended Complaint.

**Factual and Procedural Background**

**Allegations of Culture of Discrimination**

9. Defendants admit that Mr. John Finn was a Regional Vice-President during relevant times, but deny the remaining allegations contained in paragraph nine of the Amended Complaint.

10. With respect to the allegations regarding the defendants' "predecessors in interest," the defendants are without sufficient knowledge upon which to form an opinion or belief and, therefore, leave the plaintiff to her proof. The remaining allegations contained in paragraph ten of the Amended Complaint are denied.

11. The allegations contained in paragraph eleven of the Amended Complaint are denied.

12. The allegations contained in paragraph twelve of the Amended Complaint are denied.

13. The allegations contained paragraph thirteen of the Amended Complaint are denied.

14. Defendants admit that Mr. John Finn had a role in the decision to terminate employees for sound business purposes, but deny the remaining allegations contained in paragraph fourteen of the Amended Complaint.

**Ms. DeGennaro's Employment**

15. Defendants admit that Ms.DeGennaro was employed from on or about April 1, 2000 until November 30, 2001, but deny the remaining allegations contained in paragraph fifteen of the Amended Complaint.

16. The allegations contained in paragraph sixteen of the Amended Complaint are admitted.

17. Defendants admit that when defendants acquired a business unit from Lucent, it hired all of the employees in that business unit at their then current salaries, but deny the remaining allegations contained in paragraph seventeen of the Amended Complaint.

18. Defendants admit that Ms. DeGennero completed employment forms in which she indicated that she had a total of fourteen years experience in the telecommunications field. As to the remaining allegations contained in paragraph eighteen of the Amended Complaint, defendants are without sufficient knowledge upon which to form an opinion or belief and, therefore, leave the plaintiff to her proof.

19. Defendants admit the allegations contained in paragraph nineteen of the Amended Complaint.

20. As to Ms. DeGennero's contention that she met the expectations of her previous employers, the defendants are without sufficient information upon which to form a belief or opinion and, as such, leave the plaintiff to her proof. Defendants deny the remaining allegations contained in paragraph twenty of the Amended Complaint.

21. The allegations contained in paragraph twenty-one of the Amended Complaint are denied.

22. The allegations contained in paragraph twenty-two of the Amended Complaint are denied.

23. The allegations contained in paragraph twenty-three of the Amended Complaint are denied.

24. The allegations contained in paragraph twenty-four of the Amended Complaint are denied.

25. Defendants admit that Ms. DeGennero was terminated in a reduction in force and that she was informed of that decision on or about November 30, 2001. Defendants deny the remaining allegations contained in paragraph twenty-five of the Amended Complaint.

26. The allegations contained in paragraph twenty-six of the Amended Complaint are denied.

27. The allegations contained in paragraph twenty-seven of the Amended Complaint are denied.

28. The allegations contained in paragraph twenty-eight of the Amended Complaint are denied.

29. The allegations contained in paragraph twenty-nine of the Amended Complaint are denied.

30. The allegations contained in paragraph thirty of the Amended Complaint are denied.

31. Defendants admit that Ms. DeGennero was terminated in a reduction in force and that she was informed of that decision on or about November 30, 2001, but deny the remaining allegations contained in paragraph thirty-one of the Amended Complaint.

32. The allegations contained in paragraph thirty-two of the Amended Complaint are denied.

33. The allegations contained in paragraph thirty-three of the Amended Complaint are denied.

**Jurisdictional Prerequisites**

34. Defendants admit that they received copies of charges of discrimination and refer to those charges for their full terms and effects. Defendants deny the remaining allegations contained in the paragraph thirty-four of the Amended Complaint.

35. Defendants admit that they received a copy of a "Notice of Right to Sue" addressed to Ms. DeGennero and refer to those documents for their full terms and effects. Defendants deny the remaining allegations contained in paragraph thirty-five of the Amended Complaint.

36. Defendants are without sufficient information upon which to form a belief or opinion and, as such, leave the plaintiff to her proof.

**COUNT I**

**TITLE VII -- SEX DISCRIMINATION**

**DeGennero v. Netexit, Inc. f/k/a Expanets, Inc., Nexit of North America, LLC f/k/a Expanets of North America, LLC and Avaya, LLC**

37. Defendants responses to paragraphs one through thirty-six of the Amended Complaint are hereby incorporated as defendants response to paragraph thirty-seven of the Amended Complaint as if repeated herein at length.

38. The allegations contained in paragraph thirty-eight of the Amended Complaint are denied.

39. The allegations contained in paragraph thirty-nine of the Amended Complaint are denied.

40. The allegations contained in paragraph forty of the Amended Complaint are denied.

41. The allegations contained in paragraph forty-one of the Amended Complaint are denied.

42. The allegations contained in paragraph forty-two of the Amended Complaint are denied.

**COUNT II**

**TITLE VII – RETALIATION**

**DeGennero v. Netexit, Inc. f/k/a Expanets, Inc., Nexit of North America, LLC f/k/a Expanets of North America, LLC and Avaya, LLC**

43. Defendants responses to paragraphs one through forty-two of the Amended Complaint are hereby incorporated as defendants response to paragraph forty-three of the Amended Complaint as if repeated herein at length.

44. The allegations contained in paragraph forty-four of the Amended Complaint are denied.

45. The allegations contained in paragraph forty-five of the Amended Complaint are denied.

46. The allegations contained in paragraph forty-six of the Amended Complaint are denied.

47. The allegations contained in paragraph forty-seven of the Amended Complaint are denied.

48. The allegations contained in paragraph forty-eight of the Amended Complaint are denied.

## COUNT III

## NYHRL-DISCRIMINATION/RETALIATION

**DeGennero v. Netexit, Inc. f/k/a Expanets, Inc., Nexit of North America, LLC f/k/a Expanets of North America, LLC and Avaya, LLC**

49. Defendants responses to paragraphs one through forty-eight of the Amended Complaint are hereby incorporated as defendants response to paragraph forty-nine of the Amended Complaint as if repeated herein at length.

50. The allegations contained in paragraph fifty of the Amended Complaint are denied.

51. The allegations contained in paragraph fifty-one of the Amended Complaint are denied.

52. The allegations contained in paragraph fifty-two of the Amended Complaint are denied.

53. The allegations contained in paragraph fifty-three of the Amended Complaint are denied.

## AS A FIRST AFFIRMATIVE DEFENSE TO ALL CLAIMS BY PLAINTIFF

1. Plaintiff has failed to state a claim upon which relief may be granted.

**AS A SECOND AFFIRMATIVE DEFENSE TO ALL CLAIMS BY PLAINTIFF**

1. Plaintiff has failed to mitigate her damages.

DEFENDANTS,
NETEXIT, INC. f/k/a EXPANETS, INC. and
NETEXIT OF NORTH AMERICA, LLC
f/k/a EXPANETS OF NORTH AMERICA, LLC

By: ______________________

CHRISTOPHER L. BRIGHAM, ESQ.
Federal Bar Number Ct12410
UPDIKE, KELLY & SPELLACY, P.C.
One Century Tower
265 Church Street, 10th Floor
New Haven, CT 06510
Telephone: (203) 786-8300
Facsimile: (203) 772-2037
Email: cbrigham@uks.com

**CERTIFICATION**

THIS IS TO CERTIFY that a copy of the foregoing was mailed in the United States mail, First Class, postage prepaid this 2nd day of April, 2004, to the following:

James E. Miller, Esq.
Shepherd Finkelman Miller & Shah, LLC
One Lewis Street
Hartford, CT 06103

By: ______________________
CHRISTOPHER L. BRIGHAM
Commissioner of the United States District Court