IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF CONNECTICUT

| | | |
|---|---|---|
| MARIA DEGENNARO, | : | CIVIL ACTION NO. |
| | : | 3:03-CV-940-RNC |
| Plaintiff, | : | |
| | : | |
| vs. | : | |
| | : | |
| EXPANETS, INC. n/k/a NETEXIT, INC., | : | |
| EXPANETS OF NORTH AMERICA, LLC | : | |
| n/k/a NETEXIT OF NORTH AMERICA, | : | |
| LLC and AVAYA, LLC, | : | |
| | : | |
| Defendants. | : | May 27, 2004 |

_____

**PLAINTIFF'S MEMORANDUM OF LAW IN SUPPORT OF
MOTION TO REOPEN CASE PURSUANT TO
COURT'S ORDER DATED MAY 12, 2004.**

_____

Plaintiff, Maria DeGennaro, respectfully submits this Memorandum of Law in support of her

Motion to Reopen this Case Pursuant to the Court's Order dated May 12, 2004.  For the reasons

explained fully below, Plaintiff respectfully requests that the Court reopen this case so that she may

proceed against Defendant, Avaya, LLC ("Avaya"), while this case remains stayed as to Defendants,

Netexit, Inc. f/k/a Expanets, Inc. and Netexit of North America, LLC f/k/a Expanets of North

America, LLC (collectively, "Netexit" or "Expanets").

## INTRODUCTION AND BACKGROUND FACTS

This action arises under Title VII of the Civil Rights Act of 1964 ("Title VII"), as amended and

codified at 42 U.S.C. §§ 2000e et seq., and the New York Human Rights Law ("NYHRL"),

McKinney's Executive Law § 290, as a result of an alleged continuing pattern and practice of

**ORAL ARGUMENT REQUESTED**

discrimination and retaliation by Defendants, which culminated in Plaintiff, Maria DeGennaro ("DeGennaro"), being unlawfully terminated from employment with Expanets on November 30, 2001.

On or about November 25, 2003, Avaya, Inc. entered into a transaction pursuant to which it obtained substantially all of Netexit's assets. Upon information and belief, as part of this transaction, Avaya, Inc. created Defendant, Avaya, LLC, as an operating subsidiary that employs Expanets' former employees and services Expanets' customers. On or about February 9, 2004, the Court granted Plaintiff's Motion to Amend the Complaint to join Avaya as an additional defendant in this proceeding.

On or about May 5, 2004, Expanets provided notice to the Court that it had filed for bankruptcy pursuant to Chapter 11 of the United States Bankruptcy Code and, at that time, Expanets invoked the automatic stay provision of the Bankruptcy Code, 11 U.S.C. § 362. In response, by Order dated May 12, 2004, the Court "dismissed [this case] without prejudice to its pursuit in the United States Bankruptcy Court and without prejudice to reopening on motion."[1] Plaintiff now respectfully moves to reopen this case pursuant to the terms of the Court's May 12, 2004 Order because, although the bankruptcy filing indisputably stays the prosecution of this case as to Expanets, Section 362 does not have any effect upon Plaintiff's ability to proceed against Avaya. Simply put, since Section 362 of the Bankruptcy Code does not stay proceedings as to non-debtor entities such as Defendant, Avaya, Plaintiff respectfully suggests that this case should be reopened so that she can pursue her claims against Avaya as permitted under the Bankruptcy Code.

---

[1] Plaintiff intends to pursue her claims in the Bankruptcy Court against Expanets by filing an appropriate proof of claim pursuant to the Court's direction.

## **ARGUMENT.**

It is black letter law under the Bankruptcy Code that the automatic stay provisions of Section 362 do not inure to the benefit of non-debtor entities such as Avaya.  As the Court in <u>Maritime Electric Company, Inc. v. United Jersey Bank</u>, 959 F.2d 1194, 1203-1205 (3d Cir. 1992), persuasively explained, the automatic stay provisions of Section 362 of the Bankruptcy Code only apply to actions against the debtor and do not in any way affect a plaintiff's right to continue prosecution of an action against another defendant that is not a debtor:

Section 362 of the Bankruptcy Act provides in part:

Automatic stay.

(a) Except as provided in subsection (b) of this section, a petition filed under section 301, 302, or 303 of this title ... operates as a stay, applicable to all entities, of –

(1) the commencement or continuation, including the issuance or employment of process, of a judicial, administrative, or other action or proceeding against the debtor that was or could have been commenced before the commencement of the case under this title, or to recover a claim against the debtor that arose before the commencement of the case under this title.... 11 U.S.C. § 362(a)(1) (1991) (emphasis added).

Subsection (a) defines the scope of the automatic stay by listing acts that are stayed by the commencement of a bankruptcy case. All judicial actions against a debtor seeking recovery on a claim that were or could have been brought before commencement of a bankruptcy case, are automatically stayed....

\*      \*      \*

Although the scope of the automatic stay is broad, the clear language of section 362(a) indicates that it stays only proceedings against a "debtor"--the term used by the statute itself. <u>St. Croix</u>, 682 F.2d at 448. "The statute does not address actions brought by the debtor which would inure to the benefit of the bankruptcy estate." <u>Id.</u> <u>See</u> <u>also</u> <u>In re</u>

Berry Estates, 812 F.2d 67, 71 (2d Cir.), cert. denied, 484 U.S. 819, 108 S.Ct. 77, 98 L.Ed.2d 40 (1987); Martin-Trigona, 892 F.2d at 577....

All proceedings in a single case are not lumped together for purposes of automatic stay analysis. Even if the first claim filed in a case was originally brought against the debtor, section 362 does not necessarily stay all other claims in the case. Within a single case, some actions may be stayed, others not. Multiple claim and multiple party litigation must be disaggregated so that particular claims, counterclaims, crossclaims and third-party claims are treated independently when determining which of their respective proceedings are subject to the bankruptcy stay.

*    *    *

**Furthermore, the automatic stay is not available to non-bankrupt co-defendants of a debtor even if they are in a similar legal or factual nexus with the debtor**. Lynch v. Johns-Manville Sales Corp., 710 F.2d 1194, 1196-97 (6th Cir.1983) ("[i]t is universally acknowledged that an automatic stay of proceedings accorded by § 362 may not be invoked by entities such as sureties, guarantors, co-obligors, or others with a similar legal or factual nexus to the ... debtor"). See also Austin v. Unarco Industries, Inc., 705 F.2d 1, 4-5 (1st Cir.), cert. dismissed, 463 U.S. 1247, 104 S.Ct. 34, 77 L.Ed.2d 1454 (1983); Teachers Ins. & Annuity Ass'n. v. Butler, 803 F.2d at 65; Williford v. Armstrong World Indus., Inc., 715 F.2d 124, 126-27 (4th Cir.1983); Wedgeworth v. Fibreboard Corp., 706 F.2d 541, 544 (5th Cir.1983); Clay v. Johns-Manville Sales Corp., 722 F.2d 1289, 1290-91 (6th Cir.1983), cert. denied, 467 U.S. 1253, 104 S.Ct. 3537, 82 L.Ed.2d 842 (1984); Pitts v. Unarco Industries, Inc., 698 F.2d 313, 314 (7th Cir.1983); Fortier v. Dona Anna Plaza Partners, 747 F.2d 1324, 1330 (10th Cir.1984); In re Lessig Const., Inc., 67 B.R. 436 (Bankr.E.D.Pa.1986) (in adversarial action brought by debtor in bankruptcy court, defendant must obtain relief from automatic stay before asserting any counterclaim against debtor); Action Drug Co., Inc. v. Overnite Transp. Co., 724 F.Supp. 269 (D.Del.1989) (where plaintiff-debtor enters bankruptcy, defendant may not assert counterclaim against bankrupt plaintiff), aff'd without op., 902 F.2d 1558 (3d Cir.1990). But see A.H. Robins Co., Inc. v. Piccinin, 788 F.2d 994, 999 (4th Cir.) (automatic stay may be extended to non-bankrupt codefendants in unusual circumstances), cert. denied, 479 U.S. 876, 107 S.Ct. 251, 93 L.Ed.2d 177 (1986). (Emphasis added).

Here, it is beyond cavil that DeGennaro should be permitted to prosecute her claims against

Avaya notwithstanding the fact that Expanets has filed for bankruptcy protection and invoked the stay

provisions of Section 362.  For this reason, and because Plaintiff should not be foreclosed from

obtaining a recovery from Avaya simply because Expanets is now bankrupt, the Court should reopen this action so that Plaintiff may prosecute her claims against Avaya.[2]

**<u>CONCLUSION</u>**

For all of the reasons stated above, Plaintiff, Maria DeGennaro, respectfully requests that the Court grant this Motion and reopen this case so that she can proceed with her claims against Defendant, Avaya, LLC.

Respectfully submitted,

_____

James E. Miller, Esquire
Federal Bar No. CT-21560
Shepherd Finkelman Miller & Shah, LLC
One Lewis Street
Hartford, CT 06103
(Tel) (860) 246-0600
(Fax) (860) 246-0700

James C. Shah
Shepherd Finkelman Miller & Shah, LLC
35 East State Street
Media, Pennsylvania 19063
(Tel)(610) 891-9880
(Fax)(610) 891-9883

Attorneys for Plaintiff,
Maria DeGennaro

---

[2]Plaintiff respectfully suggests that, after the reopening of this case, the Court should require Plaintiff and Avaya to submit a joint proposal to complete any remaining discovery and prepare this case for trial as to the claims between them.

-5-