IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF CONNECTICUT

| | | |
|---|---|---|
| MARIA DEGENNARO, | : | CIVIL ACTION NO. |
| | : | 3:03-CV-940-RNC |
| Plaintiff, | : | |
| | : | |
| vs. | : | |
| | : | |
| EXPANETS, INC. n/k/a NETEXIT, INC., et al., | : | |
| | : | |
| Defendants. | : | November 5, 2004 |

## PARTIES' JOINT STATUS REPORT

Plaintiff, Maria DeGennaro ("DeGennaro"), and Defendant, Avaya, LLC ("Avaya"), respectfully submit this Joint Status Report which addresses the matters listed in Rule 16(c) of the Federal Rules of Civil Procedure, as well as the status of this proceeding.[1]

In light of certain recent developments with respect to the Netexit bankruptcy, including (a) the emergence of the former parent of Netexit, Northwestern Corp. ("Northwestern"), from bankruptcy proceedings, (b) an agreement by, <u>inter alia</u>, Northwestern to indemnify Avaya with respect to any liability arising from this action, and (c) advice which now has been received by both Plaintiff's counsel and Avaya's counsel from Netexit's counsel that Netexit has sufficient assets in its bankruptcy estate to satisfy any claim by Plaintiff, the parties are currently exploring whether they can fully and finally resolve this action, as well as the claim filed by Plaintiff in the United States Bankruptcy Court as to Netexit, and/or if the claims against Avaya should be voluntarily dismissed in light of the representations received from Netexit regarding the

---

[1] In light of the filing of a bankruptcy petition by Defendants, Expanets, Inc. n/k/a Netexit, Inc. and Expanets of North America, LLC n/k/a Netexit of North America, LLC (collectively, "Netexit"), this action has been stayed as to those Defendants pursuant to the automatic stay provisions of the Bankruptcy Code, 11 U.S.C. § 362. Pursuant to the Court's direction, Plaintiff has pursued her claims as to these Defendants in the United States Bankruptcy Court.

sufficiency of Netexit's bankruptcy estate assets to satisfy Plaintiff's claims in this case. In light of these developments, Plaintiff and Avaya respectfully request that this action be stayed until December 31, 2004 and that, to the extent the parties are unable to reach agreement on or before December 31, 2004 to either resolve this action or voluntary dismiss this action as to Avaya, they be required to submit a joint status report and accompanying proposed scheduling order on or before Friday, January 7, 2005, to prepare this case for any trial and complete any necessary pretrial proceedings.

1. **The Formulation and Simplification of Issues.**

Plaintiff and Defendants, Expanets, Inc. and Expanets of North America, LLC, previously agreed as to certain undisputed facts, including that, for purposes of this action only, these Defendants (meaning Expanets, Inc. and Expanets of North America, LLC) should be treated as alter egos of each other, as an integrated enterprise and/or a joint or single employer. This stipulation simplified certain of the issues that could have been raised in the case. If this action cannot be resolved by December 31, 2004, Plaintiff and Avaya will determine if an agreement can be reached to stipulate as to any other facts and/or to otherwise simplify the issues to be litigated in this case.

2. **Amendments to Pleadings.**

The parties do not presently believe that it will be necessary for either Plaintiff or Avaya to amend any pleadings and will propose deadlines for the amendment of any pleadings on or before January 7, 2005 if they are unable to resolve this case by December 31, 2004.

3. **Admissions of Fact, Stipulations Regarding Authenticity and Advance Rulings Regarding Admissibility.**

The parties anticipate that, if they are not able to resolve this action, following the completion of any remaining discovery, they may be able to stipulate as to certain additional facts, as well as to the authenticity of many documents to be offered as exhibits at trial, and that they will be in the position to present appropriate motions in limine to obtain advance rulings from the Court regarding the admissibility of documents or testimony that any party believes should be excluded from evidence at trial.

4. **Avoidance of Unnecessary Proof and Cumulative Evidence, as Well as Limitations or Restrictions on Use of Expert Testimony.**

The parties will work together in preparation for any trial to avoid the presentation of unnecessary proof or cumulative evidence. The parties do not presently anticipate that it will be necessary to limit or restrict the use of any expert testimony at trial.

5. **Summary Adjudication Under Fed.R.Civ.P. 56.**

If the parties are unable to resolve this action on or before December 31, 2004, they will propose to the Court appropriate deadlines for dispositive motions and a pre-filing conference regarding any such motion.

6. **Control and Scheduling of Discovery.**

If the parties are unable to resolve this action on or before December 31, 2004, they will propose to the Court appropriate deadlines for any remaining discovery and may propose expedited discovery and adjudication of whether Avaya should remain a party to this action.

7.  **Identification of Witnesses and Documents, Trial Briefs, Conferences and Trial.**

If the parties are unable to resolve this action on or before December 31, 2004, they will propose to the Court appropriate deadlines for a mandatory settlement conference, submission of a joint trial memorandum, the submission of any trial briefs and the date upon which this case should be ready for trial.

8.  **Referral to a Magistrate Judge or Master.**

The parties do not believe that it is appropriate to refer any matters to a Magistrate Judge or Master at this time. The parties may request that a Magistrate Judge conduct a settlement conference in the future.

9.  **Settlement.**

The parties have discussed the possibility of settlement and, as of this time, have not been able to reach any agreement. The parties do not believe that any specialized settlement or alternative dispute resolution procedures would be helpful at this time.

10. **Pretrial Order.**

The parties believe that, if they are unable to resolve this case by December 31, 2004, it will be necessary to enter a new Pretrial Order in this case to establish a schedule for remaining pretrial matters and trial.

11. **Pending Motions.**

There are no pending motions before the Court.

12. **Special Procedures.**

The parties do not believe that it is necessary or appropriate to adopt any special

procedures at this time.

13. **Separate Trials or Bifurcation.**

The parties do not believe that it will be necessary to conduct any separate trials. The parties believe that it may be appropriate to bifurcate certain issues in any trial.

14. **Order(s) Under Rules 50(a) or 52(c) of the Federal Rules of Civil Procedure.**

The parties do not presently believe that any order is necessary under Rules 50(a) or 52(c) of the Federal Rules of Civil Procedure.

15. **Order(s) Establishing a Limitation on the Presentation of Evidence.**

The parties do not presently believe that any order is necessary establishing a time limitation with respect to the presentation of evidence.

16. **Other Matters.**

The parties do not believe that any additional action is required to facilitate the just, speedy and inexpensive disposition of this action.

The parties and their undersigned counsel stand ready to provide any additional information that the Court may find helpful in managing this case or otherwise require.

PLAINTIFF

Dated: November 5, 2004                By: _____
                                       James E. Miller
                                       Federal Bar No. CT-21560
                                       Shepherd, Finkelman, Miller, & Shah, LLC
                                       65 Main Street
                                       Chester, CT 06412
                                       (860) 526-1100

DEFENDANT, AVAYA, LLC

Dated: November 5, 2004

By: /s/ Daniel A. Rizzi
Daniel A. Rizzi, Esquire
Federal Bar No. CT-25918
Nixon Peabody, LLP
990 Stewart Avenue
Garden City, New York 11530
(516) 832-7500

IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF CONNECTICUT

| | | |
|---|---|---|
| MARIA DEGENNARO, | : | CIVIL ACTION NO. |
| | : | 3:03-CV-940-RNC |
| Plaintiff, | : | |
| | : | |
| VS. | : | |
| | : | |
| EXPANETS, INC. n/k/a NETEXIT, INC. et al., | : | |
| | : | |
| Defendants. | : | November 5, 2004 |

### CERTIFICATE OF SERVICE

The undersigned counsel hereby certifies that true and correct copies of the foregoing Joint Status Report and this Certificate of Service, were served on this date upon Counsel for Defendants via facsimile and first class mail, postage pre-paid, and addressed as follows:

> Christopher L. Brigham, Esquire
> Federal Bar No. CT-12410
> Updike, Kelly & Spellacy, P.C.
> 265 Church Street, 10th Floor
> New Haven, Connecticut 06510
>
> Daniel A. Rizzi, Esquire
> Nixon Peabody, LLP
> 990 Stewart Avenue
> Garden City, New York 11530

James E. Miller
Attorney for Plaintiff,
Maria DeGennaro